UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

AKIRA SIMS,
        Plaintiff,

v.                                             Case No. 2:23-1154-JPS

MARQUETTE UNIVERSITY, et. al,
        Defendant.

---

## JOINT EXECUTIVE SUMMARY
## FOR DEFENDANTS DEVIN MISTRY AND SERENA BEKTESHI

---

Plaintiff Akira Sims ("Plaintiff") and Defendants Devin Mistry ("Mistry") and Serena Bekteshi ("Bekteshi") (collectively the "Parties"), by and through their respective attorneys, hereby submit this joint executive summary of defendant Mistry's and defendant Bekteshi's intent to pursue a motion to dismiss the Second Amended Complaint, in compliance with this Court's December 12, 2023 Text Only Order, and its Pretrial Procedures Order, Dkt. 2.

### Compliance with Meet and Confer Requirement

On November 6, 2023, counsel for Plaintiff and for defendants Mistry, Bekteshi, Marquette University, and Madigan held a meet-and-confer conference regarding Marquette's intent to move to dismiss the complaint. Plaintiff elected to file a First Amended Complaint ("FAC"), which was filed December 4, 2023. Dkt. 20. Mistry and Bekteshi previously intended to file an answer to the original complaint. On December 7, 2023, Mistry and Bekteshi notified Plaintiff of their intent to file a motion to dismiss the FAC. In an attempt to cure Defendants' arguments as to the FAC, Plaintiff filed a Second Amended Complaint ("SAC") on December 27, 2023. (Dkt. 35). Plaintiff's counsel first received notice of Defendants Mistry and Bekteshi's intention to file a motion to dismiss the SAC the afternoon of Wednesday, January 4, 2023, and conferred with Defense counsel on Friday January 5, 2024 and the Parties prepared this joint executive summary.

1

**Mistry/Bekteshi Positions as to Second Amended Complaint ("SAC")**

As it relates to Mistry and Bekteshi, the SAC alleges claims for Negligence (Count II), Intentional Infliction of Emotional Distress (Count IV), Negligent Infliction of Emotional Distress (Count VI), Assault (Count VII), Civil Action for Stalking (Count VIII), and Civil Action for Voyeurism/Invasion of Privacy under Wis. Stat. § 995.50(2)(a) (Count IX) and Civil Action for Intrusion of Seclusion under Wis. Stat. § 995.50(2)(a) (Count X).

Mistry and Bekteshi intend to move to dismiss all counts brought against them in the SAC. The only factual allegations specifically against Mistry are that he: (1) made monkey noises in his own dorm room; (2) knocked on plaintiff's door and ran away; and (3) circulated a photograph of the plaintiff taken by another individual in an elevator on SnapChat. SAC, ¶¶ 25, 27, 31. The only specific factual allegations against Bekteshi are: (1) that she jammed a paper towel dispenser; (2) that on October 21, 2021 she sat near the plaintiff in the dining hall, and (3) on or about October 16, 2021, Bekteshi circulated a photograph of the plaintiff taken by another individual in an elevator on SnapChat. SAC ¶¶ 30, 31 and 46.

Furthermore, Plaintiff broadly alleges in ¶ 15 of the SAC that Mistry and Bekteshi, together with the other individual co-defendants, engaged in a "pattern of extreme and outrageous conduct" against her, including repeatedly making racist remarks about her skin color, her African heritage, her African appearance, making disparaging monkey notices directed at her in her dorm room, the cafeteria, the classroom, and the campus grounds, stalking her by following her throughout campus, making obscene gestures toward her, physically threatening her safety, secretly recording her, and taking inappropriate photographs of her person. SAC ¶ 15. The SAC lacks any factual allegations against Mistry or Bekteshi related to the general and overly broad allegations set forth in paragraph 15 of the SAC. These allegations do not plausibly support any claim upon which relief could be granted against Mistry or Bekteshi.

2

Plaintiff: Plaintiff disagrees with the Defendants' characterization of the facts set forth in the SAC. Contrary to the Defendants' assertions, the Plaintiff properly pleads her claims against Defendants Misty and Bekteshi. A motion to dismiss for failure to state a claim cannot be used to resolve factual issues or the merits of the case. *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992). A motion to dismiss under FRCP 12(b)(6) is appropriate only if the plaintiff has not provided fair notice of its claim and factual allegations that when accepted as true are plausible and rise above mere speculation. *Aschcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

### List of Legal Issues and Summary of Parties' Arguments[1]

**Count II – Negligence.**

Mistry and Bekteshi: A plaintiff must prove four elements to establish negligence: duty, breach, causation and damages. *Skindzelewski v. Smith*, 2020 WI 57, ¶ 8, 392 Wis. 2d 117. To establish causation, a plaintiff must show the negligent act was a substantial factor in producing the injury. *Id.* A claim for negligence may be precluded based on public policy considerations. *Id.* The allegations support no plausible claim against Mistry or Bekteshi for negligence or that any of the specific factual allegations against Mistry or Bekteshi were a substantial factor in producing the alleged injury. Furthermore, public policy considerations bar the negligence claim.

Plaintiff's Response: Plaintiff denies the Defendants' characterization of the facts plead against Mistry and Bekteshi. Contrary to the Defendants' assertions, the Plaintiff properly pleads her negligence claim against Mistry and Bekteshi. A motion to dismiss for failure to state a claim cannot be used to resolve factual issues or the merits of the case. *Republican Party*, 980 F.2d at 952. A motion to dismiss under FRCP 12(b)(6) is appropriate only if the plaintiff has not provided

---

[1] The Parties agree that additional arguments not addressed in this Executive Summary may be raised by Mistry or Bekteshi in their motion to dismiss and by either or both Parties in their briefing on such motion.

fair notice of its claim and factual allegations that when accepted as true are plausible and rise above mere speculation. *Iqbal*, 129 S.Ct. at 1949-50; *Bell Atlantic Corp.*, 550 U.S. at 555-56.

**Count IV – Intentional Infliction of Emotional Distress.**

<u>Mistry and Bekteshi</u>: An IIED claim requires proof that: "(1) defendant intended to cause emotional distress by his conduct; (2) the conduct was extreme and outrageous; (3) the conduct was a cause-in-fact of plaintiff's emotional distress; and (4) plaintiff suffered an extreme and disabling response to defendant's conduct." *Terry v. J. Broad. Corp.*, 2013 WI App 130, ¶ 42, 351 Wis. 2d 479, 515, 840 N.W.2d 255. To be "extreme and outrageous," defendant's conduct must be such that an average member of the community would find it a complete denial of her dignity as a person; mere carelessness or bad manners is insufficient. *Alsteen v. Gehl,* 21 Wis. 2d 349, 359-61,124 N.W.2d 349 (1963). The allegations regarding Mistry and Bekteshi cannot plausibly support a claim that either defendant engaged in extreme and outrageous conduct or intended to cause the plaintiff emotional distress.

<u>Plaintiff's Response</u>: Plaintiff denies the Defendants' characterization of the facts plead against Mistry and Bekteshi. Contrary to the Defendants' assertions, the Plaintiff properly pleads her IIED claim against Mistry and Bekteshi. A motion to dismiss for failure to state a claim cannot be used to resolve factual issues or the merits of the case. *Republican Party,* 980 F.2d at 952. A motion to dismiss under FRCP 12(b)(6) is appropriate only if the plaintiff has not provided fair notice of its claim and factual allegations that when accepted as true are plausible and rise above mere speculation. *Iqbal*, 556 U.S. 662; *Bell Atlantic Corp.* 550 U.S. at 555-56.

**Count VI – Negligent Infliction of Emotional Distress.**

<u>Mistry and Bekteshi</u>: An NIED claim fails where there is no duty or breach. Plaintiff's complaint fails to identify any legally recognized duty owed by Mistry or Bekteshi to the plaintiff. The allegation at ¶ 142 of the SAC that defendants owed plaintiff a "duty to not allow and/or

4

participate in" bullying and discrimination is not a recognized common law duty. The allegations support no plausible claim against Mistry for negligence or that his isolated conduct on October 15, 2021, none of which was in proximity to the Plaintiff, was a cause in fact of severe emotional distress. The allegations support no plausible claim against Bekteshi for negligence or that allegedly jamming a paper towel dispenser, sitting in the dining room, or allegedly disseminating a photograph of the plaintiff taken in a public space by another individual was a cause in fact of severe emotional distress.

Plaintiff's Response: The Plaintiff denies the Defendants' characterization of the facts plead against Mistry and Bekteshi. Contrary to the Defendants' assertions, the Plaintiff properly pleads her NIED claim against Mistry and Bekteshi. A motion to dismiss for failure to state a claim cannot be used to resolve factual issues or the merits of the case. *Republican Party*, 980 F.2d at 952. A motion to dismiss under FRCP 12(b)(6) is appropriate only if the plaintiff has not provided fair notice of its claim and factual allegations that when accepted as true are plausible and rise above mere speculation. *Iqbal*, 556 U.S. 662; *Bell Atlantic Corp.*, 550 U.S. at 555-56.

**Count VII – Assault**

Mistry and Bekteshi: An assault claim requires that a defendant intend to cause physical harm to the plaintiff and that the defendant acted to cause plaintiff to reasonably believe defendant had the present intent and ability to harm the plaintiff. *See Degenhardt v. Heller*, 93 Wis. 2d 662, 68 N.W. 411 (1896). The SAC fails to allege that Mistry or Bekteshi intended to cause physical harm to Plaintiff.

Plaintiff's Response: The Plaintiff denies the Defendant's characterization of the facts plead against Mistry and Bekteshi. Contrary to the Defendants' assertions, the Plaintiff properly pleads her Assault claim against Mistry and Bekteshi. A motion to dismiss for failure to state a claim cannot be used to resolve factual issues or the merits of the case. *Republican Party*, 980 F.2d

5

at 952.  A motion to dismiss under FRCP 12(b)(6) is appropriate only if the plaintiff has not provided fair notice of its claim and factual allegations that when accepted as true are plausible and rise above mere speculation. *Iqbal*, 556 U.S. 662; *Bell Atlantic Corp.*, 550 U.S. at 555-56.

**Count VIII – Stalking Under Wis. Stat. § 940.32**

<u>Mistry and Bekteshi</u>: Wis. Stat. § 940.32 is purely a criminal statute and does not include a civil claim. As such, there is no legal basis for plaintiff's claim against Mistry or Bekteshi. In addition, the allegations against these defendants state no plausible claim for stalking.

<u>Plaintiff's Response</u>:  The Plaintiff denies the Defendant's characterization of the law and facts plead against Mistry and Bekteshi. Contrary to the Defendants' assertions, the Plaintiff properly pleads her Stalking claim against Mistry and Bekteshi.  A motion to dismiss for failure to state a claim cannot be used to resolve factual issues or the merits of the case. *Republican Party*, 980 F.2d at 952.  A motion to dismiss under FRCP 12(b)(6) is appropriate only if the plaintiff has not provided fair notice of its claim and factual allegations that when accepted as true are plausible and rise above mere speculation. *Iqbal*, 556 U.S. 662; *Bell Atlantic Corp.*, 550 U.S. at 555-56.

**Counts IX and X – Invasion of Privacy Under Wis. Stat. § 995.50(2)(a)**

<u>Mistry and Bekteshi</u>: Wis. Stat. § 995.50(2)(a) requires proof that the defendant intentionally intruded upon the privacy of the plaintiff, that such an intrusion was of a nature that would be highly offensive to a reasonable person, and that the intrusion was in a place that a reasonable person would consider private. The SAC lacks any specific allegation against Mistry or Bekteshi in this regard. There is no allegation of intent, or any act by Mistry or Bekteshi which resulted in an invasion of privacy.

<u>Plaintiff's Response</u>:  The Plaintiff denies the Defendant's characterization of the facts plead against Mistry and Bekteshi. Contrary to the Defendants' assertions, the Plaintiff properly pleads her Invasion of Privacy claim against Mistry and Bekteshi.  A motion to dismiss for failure

6

to state a claim cannot be used to resolve factual issues or the merits of the case. *Republican Party*, 980 F.2d at 952. A motion to dismiss under FRCP 12(b)(6) is appropriate only if the plaintiff has not provided fair notice of its claim and factual allegations that when accepted as true are plausible and rise above mere speculation. *Iqbal*, 556 U.S. 662; *Bell Atlantic Corp.*, 550 U.S. at 555-56.

## **Parties Agreed to be Dismissed or Substituted**

Plaintiff does not agree to dismiss any parties, and there is no need to substitute parties.

## **Claims Agreed to be Dismissed**

Plaintiff does not agree to dismiss any claims set forth in her Second Amended Complaint.

Dated this 5th day of January, 2024

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| /s/ *John Kreamer* | /s/ *Matthew W. O'Neill* |
| *Attorney for Plaintiff Akira Sims* | *Attorney for Defendant Devin Mistry* |
| John Kreamer | Matthew W. O'Neill |
| Kreamer Law Group, LLC | Fox, O'Neill & Shannon, S.C. |
| 1100 E. Warrenville Rd., Ste.135 | 622 N. Water Street, Suite 500 |
| Naperville, Illinois 60563 | Milwaukee, Wisconsin 53202 |
| (630) 857-3609 | (414) 273-3939 |
| jckreamer@kreamerlawgroup.com | mwoneill@foslaw.com |

Respectfully submitted,

/s/ *Amy Freiman*
*Attorney for Defendant Serena Bekteshi*

Amy Freiman
Hills Legal Group, LTD
Squires III, Suite 333
N19W24075 Riverwood Drive
Waukesha, WI 53188
(262) 347-0167
afreiman@hillslegal.com